CORWIN, RESPONDENT, *v.* BIESWANGER, ET AL., APPELLANTS.

No. 9106.

Submitted November 13, 1952. Decided December 12, 1952.

251 Pac. (2d) 232.

Arnold H. Olsen, Atty. Gen., John W. Mahan, Helena, for appellants.

Sam D. Goza, Jr., Helena, for respondent.

Mr. Mahan and Mr. Goza argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal by the defendants from a judgment in favor of the plaintiff. Assignments of error are predicated upon certain findings of fact, conclusions of law and the judgment entered. The controversy arises over the interpretation of sections of the Public Employees Retirement Act, R. C. M. 1947, sec. 68-101 et seq.

*The Facts.* J. W. Corwin, a citizen of the United States and a resident of Montana, was on June 17, 1948, an employee of the state of Montana, directly appointed by the governor as a member of the state liquor control board and duly qualified, serving and acting as such. In this capacity he was paid on a per diem basis and served as required by law. On June 17, 1948, Corwin filed with the board his election in writing to become a member of the public employees retirement system, having prior service credit as a member of the state legislature. On June 20, 1948, Corwin paid into the public employees retirement system the sum found necessary by said board as required by the Act to enable him to become a member thereof as of July 1, 1945, together with the proper membership fees. Prior to December 1, 1949, Corwin reached the age of 74 years and thereupon made application for retirement benefits under the provisions of the Act. Thereafter, and on or about the 16th day of December, 1949, at a regular meeting of the board Corwin's claim was approved subject to completion and approval of the secretary and determination of the amount by the board's actuary. On December 27, 1949, Corwin's application was fully approved, as required by law, and Corwin was granted thereby retirement benefits in the sum of $34.82 per month as a member of said system. On or about March 17, 1950, the board refused

and has continued to refuse to pay Corwin any further benefits under the Act. The board has taken the position that Corwin never was legally eligible to become a member of the public employees retirement system of the state of Montana due to the fact that he was a member of a state board which served the state intermittently and was paid on a per diem basis, citing R. C. M. 1947, sec. 68-102, as its authority for its action.

R. C. M. 1947, sec. 68-102, defines "state employee" and specifically excepts therefrom all elective and all appointive officers, court commissioners, the members of any state board or commission who serve the state intermittently and are paid on a per diem basis, excepting as "herein otherwise provided" in the Act.

From this section alone it would appear all elective and all appointive officers of the state are denied the privilege of membership in the system. If this were the only related provision of the Act, the defendants' contention would have merit, and thereby all elective and all appointive officers might not be eligible as members of the system, and specifically it would eliminate all elective officers, such as lieutenant governor, all members of the senate and house in our legislature, the members of this board and many other like boards, who serve intermittently and are paid on a per diem basis, as well as many appointive officers; this section applies with equal force to some county officers.

We do not believe the Act so provides nor that such a construction was the intent of the legislature.

In construing a statute the whole Act must be read together, ██ and where there are several provisions or particulars such a construction is, if possible, to be adopted as will give effect to all. By doing so we find the legislature by its "excepting as herein otherwise provided," has provided a means for all elective officers and all persons directly appointed by the governor to become members of the system.

It should be noted that the Act is compulsory as to regularly employed "state employees" as defined in R. C. M. 1947, sec.

68-102, subd. (f), which refers specifically to regular employees. Subdivision (h) thereof declares that "member" (as distinguished from state employee) shall mean any person included in the membership of the retirement system set forth in section 68-202 and not excluded in section 68-203.

Section 68-202 provides that: "Except as herein expressly excluded from membership all employees shall become members of the retirement system * * *."

Section 68-203 first excludes from compulsory membership in the system elective officers and persons directly appointed by the governor, and then provides how elective officers and persons directly appointed by the governor may become members of the public employees retirement system. The privilege of becoming a member of the system is granted to any elective officer and to any person directly appointed by the governor by his filing with the board of administration his own election in writing to become a member on or before the prescribed date, and provides that *any person* so excluded from membership who later becomes a member thereof, shall have the option of making contributions to the retirement system in the amount he would have contributed had he not been so excluded, and he shall then receive credit for prior service in the same manner as if he had not been so excluded. If he shall affirmatively exercise the option, the contributions of the state shall be the same as they would have been had he not been so excluded.

The objects sought to be achieved by legislation are of prime consideration in the interpretation of the Act.

As to elected officers and persons directly appointed by the governor, the Act does not require them to become members, but provides, as above set forth, that they may elect to become members by complying with the provisions of R. C. M. 1947, sec. 68-203, subds. (a), (f) and (g) thereof.

The Codes establish the law of this state respecting the subjects to which they relate and their provisions and all proceedings under them are to be liberally construed with a

view to effect their objects and to promote justice. R. C. M. 1947, sec. 12-202.

Considering this Act as a whole, we are of the opinion the lower court construed the applicable statutes correctly and in accordance with the intent of the legislature. No error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES METCALF, FREEBOURN and ANGSTMAN, concur.