PETITION OF MONTY RAY McILHARGEY.

No. 11805.
Decided January 13, 1970.
463 P.2d 476.

Monty Ray McIlhargey, pro se.

## MEMO OPINION

PER CURIAM:

This is an original proceeding in which petitioner, an inmate of Montana State Prison, appearing pro se, seeks a writ of habeas corpus.

Petitioner was committed to the prison on November 27, 1951 on a 25 year sentence for armed robbery. On March 14, 1957 he was paroled and remained on parole until August 14, 1967. At that time he was returned to prison for violating his parole. On October 20, 1969 the Sentence Review Division reduced petitioner's sentence from 25 to 23 years. All of the good time peti-

tioner had earned prior to parole was revoked at the time of the parole revocation. At present prison officials set petitioner's discharge date as April 18, 1971.

Petitioner sets forth several reasons why this Court should issue the writ. His basic contention, however, hinges upon his alleged earned good time. He claims that he should have been released in 1962 because in that year he would have enough earned good time to satisfy his original sentence under section 80-739 (R.C.M.1947 (repealed 1955).) With this we cannot agree.

■ Petitioner contends that the Board of Pardons does not have the authority to revoke earned good time because section 80-1905(3), R.C.M.1947, provides in part as follows: "* * * No person convicted and sentenced before April 1, 1955, shall have his good time allowance reduced as a result of this section." However it is not the above cited statute but section 80-741, R.C.M.1947 (repealed 1955), which allows prison officials to revoke any earned good time of a prisoner who was incarcerated prior to April 1, 1955.

■■ Petitioner also claims that he should have continued to earn good time while on parole. The application of the laws by prison officials, he contends, is ex post facto and therefore should be held unconstitutional by this Court. A brief reading of section 80-739, R.C.M.1947, however, would point out that the credit of good time is to be granted only to a "convict confined in the state prison." Thus petitioner's contention that he should have received good time credit for the years he spent on parole is without merit.

This Court has had occasion to discuss the complaints raised by petitioner very fully in the case of Hill v. State, 139 Mont. 407, 365 P.2d 44, 95 A.L.R.2d 1261. We see no reason to cover to subject again.

It appearing that the petition lacks merit, the writ is denied and the proceeding dismissed.