EARNEST SEADIN, Petitioner, v ROGER CRIST, Warden et AL.

No. 80-76.
April 9, 1980.
608 P.2d & 1094.

Ernest Seadin, pro se.

Nick Rotering, Dept. of Institutions, Helena, for Crist.

## ORDER

This is a petition for a writ of habeas corpus by a prisoner at the Montana State Prison.

Petitioner alleged that he was deprived of good time as provided by section 53-30-105, MCA. Following the filing of the petitioner on February 26, 1980, this Court issued an order to the Montana Department of Institutions to respond. Its response having now been filed, we direct that the petition be denied.

This petition was heard first on October 4, 1979, by the Honorable John McClernan, at which time petitioner requested additional time to study a motion to quash in the matter. At that proceeding, counsel for the respondent State Board of Institutions indicated that two witnesses of the prison records department, Dolores Munden, supervisor, and Teresa Mannix, were in court and requested that they be sworn and their testimony be presented to the court subject to cross-examination so that they would not

have to return at a later time. Petitioner stated that he "did not want to hear their testimony because he had heard their side and was not interested in what they had to say because he disagreed with them." The matter was set over to another time and came on for a hearing on October 24, 1979, at which time Judge McClernan dismissed the petition for habeas corpus.

Petitioner's complaint is that he feels that he should be earning some additional thirteen days good time per month for being involved in an educational program. As pointed out by the Department of Institutions, what the petitioner fails to recognize is that upon his return to the Montana State Prison after an escape, he was placed in the maximum security unit of the State Prison and cannot earn the amount of good time that he alleges under the prison rules.

Under Rule P-I(a)(4), petitioner argues that he is entitled to thirteen days per month. The rule, as correctly interpreted by the prison staff, is that they had already given him good time of five days a month for being involved in various activities while he was in the maximum security unit. According to the prison records and as presented to the petitioner, he is not going to be allowed thirteen days good time for attending an educational program while he is being confined in the maximum security unit in the prison. Regardless of how he wishes to interpret the regulations of the statute, it is incumbent upon the prison officials to determine whether or not his behavior and his activities come within the meaning of education.

Under the rules, an inmate can attend the regular school and receive thirteen days per month, which can be increased to fifteen days a month after six months' attendance; or, he can be assigned to a full-time job and take educational programs in his spare time for an additional three days, or five days after the six-month period.

Petitioner is not enrolled in a full-time school program because he is in maximum security. He is, however, assigned to a job in maximum security and is taking an additional educational program. He cannot, according to the rules, be given credit for a job

assignment (ten days per month), attending school (thirteen days per month), and an additional five days per month for being involved in an educational program. The rules are specific that an inmate can earn, at the most, twenty-five days per month. Further, inmates in maximum security can only earn a maximum of twenty days per month.

This Court has recognized and approved the rules for good time as being within the jurisdiction of the State Department of Institutions. See, *State ex rel. Nelson v. Ellsworth* (1963), 142 Mont. 14, 380 P.2d 886. There, we held as long as the control effected by the institution does not lengthen the total sentence that is imposed by a court, it is not a violation of the inmate's rights. As previously noted, this inmate escaped from the Montana State Prison, and while his conviction for increased punishment was overturned by this Court in *State v. Seadin* (1978), 181 Mont. 294, 593 P.2d 451, he cannot be credited for any time served in his original sentence while he was absent on an escape status from the prison.

We find the computations of the state officials are accurate and within their jurisdiction to impose a regulation under the statute. Section 53-30-105, MCA, allows the Department of Institutions and the State Prison to establish the rules for awarding of good time as long as the amount awarded does not exceed the statutory provisions.

The petition herein is hereby dismissed.