No. 80-16

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

AMERICAN LINEN SUPPLY CO.,
A DELAWARE CORPORATION,

                 Plaintiff and Respondent,

    vs.

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA; STATE TAX APPEAL BOARD
OF THE STATE OF MONTANA; and MAY S. JENKINS,
COUNTY TREASURER OF YELLOWSTONE COUNTY,
MONTANA,

                 Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial,
              In and for the County of Yellowstone.
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellants:

        R. Bruce McGinnis, Dept. of Revenue, argued, Helena,
        Montana

    For Respondents:

        Hendrickson and Bishop, Billings, Montana
        Robert E. Hendrickson argued and Mark E. Noenning
        argued, Billings, Montana

---

                Submitted:  September 11, 1980

                    Decided:  SEP 3 0 1980

Filed:  SEP 3 0 1980

_Thomas J. Kearney_
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

American Linen Supply Co. appealed its tax assessment to the State Tax Appeal Board on the ground that section 84-7526, R.C.M. 1947, entitled it to certain tax relief benefits provided for in Title 84, Chapter 75, better known as the Montana Economic Land Development Act (hereinafter MELDA). The Tax Appeal Board granted a hearing and ultimately ruled against American Linen. American Linen appealed to the Yellowstone County District Court for review. The District Court entered judgment reversing the Tax Appeal Board and awarding benefits to American Linen under MELDA. From the District Court judgment, the Department of Revenue (DOR) appeals.

American Linen Supply Co. is a Delaware corporation, doing business and owning real property in Billings, Montana. American Linen's property is located in an area classified as the central business district of Billings. In 1976 there was a fourteen-story office building constructed on the site.

In July 1977 American Linen applied to DOR for tax benefits provided for under MELDA. DOR denied the application for tax reduction. American Linen appealed to the Montana State Tax Appeal Board, which, after hearing, ruled that the company was not entitled to the benefits of MELDA. The Board found that before MELDA may be used to reduce the tax on previously zoned property, a local government body with zoning authority must first determine whether MELDA was consistent with the existing zoning plan so that the MELDA land use categories might apply. If the zoning plan was consistent with MELDA, the previously zoned property owners

who otherwise qualified could take advantage of the reduced property tax schedule.

In this case, American Linen's property had been previously zoned and the local zoning authority, the Billings City Council, had failed to determine that the zoning plan was consistent with the MELDA program. The Tax Appeal Board determined that the City of Billings had not implemented MELDA and that DOR was under no obligation to grant American Linen tax relief. The legal basis for the Board's decision was the well-established rule of statutory construction which demands that tax exemption issues be resolved, whenever there is ambiguity, in favor of the taxing authority. The Board denied American Linen's appeal, and the company instituted an appeal in Yellowstone County District Court.

The District Court reversed the Board's decision and ordered the MELDA benefits granted to American Linen. The court found that there was no ambiguity in the statute and that MELDA benefits were clearly intended to be awarded to property owners who had been classified as of January 1, 1976. The District Court concluded, ". . . that the Legislature had some purpose in enacting 84-7526 in the terms specified and that it intended that it be functional and not just decorative. . ." DOR appeals the District Court order. We affirm.

The sole issue before this Court is whether the District Court erred in finding that section 84-7526, R.C.M. 1947 (now repealed), applied to previously zoned areas without any affirmative action on the part of the local zoning authority to establish that the program was consistent with the existing zoning plan.

Section 84-7526, R.C.M. 1947, provided that:

"No portion of this act shall become effective
until the provisions of section 84-7505 have
been met except for those portions of land
classified under the provisions of Title 11,
chapter 27, R.C.M. 1947, into categories
which are consistent with the provisions of
this act, and as to those portions of land
this act shall be effective on January 1,
1976. All appraisals and classifications
made thereafter shall be made pursuant to
the provisions of this act."

This Court finds that the purpose of MELDA was to provide tax incentives which would encourage an inward growth pattern in urban areas, thus forestalling the spread of urban sprawl. The language of MELDA regarding its purpose, section 84-7503, R.C.M. 1947, is unquestionably clear: "Specific goals are . . . (2) to encourage urban growth in an inward pattern, rather than sprawl development, yet through the use of open space provide a greater percentage of open land and a higher density on developed land within the urban area . . ." Recognizing that the primary and overriding purpose of the Act was to encourage center city development, we are obligated to respect that purpose. It has been this Court's longstanding practice to refrain from interpreting statutes in such a manner as to defeat their purpose. Doull v. Wohlschlager (1963), 141 Mont. 354, 377 P.2d 758, citing with approval State ex rel. Boone v. Tullock (1925), 72 Mont. 482, 234 P. 277, and Wilkinson v. La Combe (1921), 59 Mont. 518, 197 P. 836.

The object sought to be achieved by this legislation is a primary consideration in our interpretation of it. Corwin v. Bieswanger (1952), 126 Mont. 337, 251 P.2d 232. For this Court to conclude that American Linen is not entitled to the tax benefits of MELDA would be to make the Act a nullity both in substance and in purpose. If the legislature did

-4-

not intend for there to be an exception to the procedural requirements of the Act, it would not have drafted language creating an exception. The legislature does not perform useless acts. Section 1-3-223, MCA. An interpretation that gives effect is always preferred over an interpretation that makes the statute void or treats the statute as mere surplusage. Section 1-3-232, MCA. This Court agrees with the ruling of the District Court when it found that the statute was "functional and not just decorative."

The decision of the Tax Appeal Board does not reconcile the provisions of MELDA in such a manner as to honor the legislative purpose behind it. Such a finding is the exclusive province of the legislature.

The decision of the District Court is affirmed. American Linen is awarded the relief prayed for under section 84-7513(4), R.C.M. 1947.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-5-