No. 80-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

ROGER CRIST,

    Respondent and appellant,

    vs.

DAVID SEGNA and GARY L.
WEISS,

    Petitioners and respondents.

---

Appeal from:  District Court of the Third Judicial District,
In and for the County of Powell, The Honorable
Robert Boyd, Judge presiding.

Counsel of Record:

    For Appellant:

        Nick A. Rotering, Dept. of Institutions, Helena,
Montana

    For Respondent:

        Sullivan & Holland, Butte, Montana
Gary W. Gilbert, Havre, Montana

---

Submitted on Briefs:  November 6, 1980

Decided: FEB 3 - 1981

Filed: FEB 3 - 1981

*Thomas J. Kearney*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Roger Crist, as warden of Montana State Prison, appeals from an order of the Third Judicial District Court, Powell County, granting habeas corpus to prison inmates Gary Weiss and David Segna. We affirm.

Segna and Weiss are currently serving sentences in Montana State Prison. Each inmate was free on parole, and was subsequently returned to prison for violating conditions of parole. Neither man was credited with statutory good time at any time during their parole periods.

The issues before this Court are: (1) may parolees be credited with statutory good time while on parole; and (2) is the crediting of such good time discretionary within the Department of Institutions and the prison warden?

Both issues hinge on the correct interpretation of section 53-30-105, MCA, and other related statutes. Section 53-30-105, MCA, provides in pertinent part:

> "53-30-105. Good time allowance. (1) The department of institutions shall adopt rules providing for the granting of good time allowance for inmates employed in any prison work or activity. The good time allowance shall operate as a credit on his sentence as imposed by the court, conditioned upon the inmate's good behavior and compliance with the rules made by the department or the warden. The rules adopted by the department may not grant good time allowance to exceed:
>
> ". . .
>
> "(b) 13 days per month for those inmates placed outside the confines of the walls of the prison;
>
> "(c) 15 days per month for those inmates who have been assigned outside the walls of the prison for an uninterrupted period of 1 year on a minimum status;
>
> ". . .

"(3) This section applies to all persons who are on probation or parole or eligible to be placed on probation or parole. No person convicted and sentenced before April 1, 1955, shall have his good time allowance reduced as a result of this section."

Appellant argues that prison officials have refused to credit parolees with good time based on this Court's holdings in Petition of McIlhargey (1970), 154 Mont. 510, 463 P.2d 476 and Hill v. State (1961), 139 Mont. 407, 365 P.2d 44. In McIlhargey, we stated: "[T]he credit of good time is to be granted only to a 'convict confined in the state prison.'" 154 Mont. at 511, 463 P.2d at 476. Appellant asserts that under Hill, section 53-30-105(3) acts only as a savings clause applicable for inmates convicted prior to April 1, 1955.

Appellant's reliance on both McIlhargey and Hill is misplaced in this instance. The cited language from McIlhargey is a recitation of the provisions of section 80-739, R.C.M. 1947, which was repealed in 1955. Hill held that the language of section 80-740, R.C.M. 1947, acted as a savings clause. When that section was repealed in favor of the predecessor of present section 53-30-105, MCA, the savings clause was retained as the second sentence of subparagraph (3). The first sentence of that subparagraph, with which we are here concerned, was first adopted in 1965 and was not addressed by either McIlhargey or Hill. Both cases are therefore clearly inapposite.

We find a number of rules of statutory construction applicable in our resolution of the issues at bar. Legislative intent must first be determined from the plain meaning of the words used; and if the language is plain, unambiguous, direct and certain, the statute speaks for itself. Dunphy

v. Anaconda Company (1968), 151 Mont. 76, 438 P.2d 660. All provisions of a statute shall be given effect, if possible. Corwin v. Beiswanger (1952), 126 Mont. 337, 251 P.2d 252. This Court presumes that the legislature would not pass meaningless legislation; and must harmonize statutes relating to the same subject, giving effect to each. State ex rel. City of Townsend v. D. A. Davidson, Inc. (1975), 166 Mont. 104, 531 P.2d 370. Finally, we presume that the legislature, in repealing an old law and adopting a new statute, intended to make some change. The courts shall endeavor to give some effect to that change. Mitchell v. Banking Corporation of Montana (1933), 95 Mont. 23, 24 P.2d 124.

Section 53-30-105(1), MCA, plainly provides good time shall operate as a credit on an inmate's term; and section 53-30-105(3) plainly applies that credit to persons on probation or parole. Section 46-23-216(1), MCA, similarly allows good time as credit against a parolee's maximum term. The provisions of these sections can only be given meaningful, harmonious effect if construed literally according to their plain meanings. This conclusion is buttressed by the manifest legislative intent underlying the passage of Chapter 199, Laws of 1965. That legislation repealed language codified in section 80-740, R.C.M. 1947 (apparently denying good time to parolees), and adopted the language now codified as the first sentence of section 53-30-105(3), MCA.

Appellant next asserts that notwithstanding the availability of good time credit, it is within the discretion of the warden and the Department to actually allow such credits.

Section 53-30-105(1), MCA, bestows upon prison officials discretion to determine the individual prisoner's good behavior and compliance with the rules. See, Seadin v.

Crist (1980), ____ Mont. ___, 608 P.2d 1094, 37 St.Rep. 953. It does not extend prison officials unfettered discretion to deprive statutory good time to an entire otherwise eligible class of prisoners. Nor may we construe such wide-sweeping discretion in the face of clear legislative intent to the contrary.

Prisoners on parole remain in the legal custody of the prison, section 46-23-215(1), MCA, and are assigned outside the walls of the prison. They are thereby eligible for statutory good time pursuant to sections 53-30-105(1)(b) and (c), MCA. The discretion to disallow or forfeit an eligible parolee's good time credit is, as with all other prisoners eligible to receive good time, specifically limited to the determination of good behavior and rules compliance.

In neither instance was there an individual determination by the warden that the prisoner was not entitled to good time during parole, based on behavior and rules compliance. In neither instance did the warden take action pursuant to section 53-30-105(2), MCA, to forfeit any good time allowance. We therefore conclude that if either respondents' maximum term of sentence, less all good time earned in prison or while on parole, has expired, that respondent is entitled to release.

Affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
Frank I. Haswell
Chief Justice

_(signature)_
_____

_(signature)_ John Conway Harrison
_____

_(signature)_ Daniel J. Shea
_____
        Justices

This cause was submitted prior to January 5, 1981.