No. 82-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

WAYNE L. BAGLEY,

Petitioner and Respondent,

-vs-

HENRY RISLEY,

Respondent and Appellant.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Deer Lodge,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nick A. Rotering, Dept. of Institutions, Helena,
Montana

For Respondent:

Wayne L. Bagley, pro se, Deer Lodge, Montana
Aurelio P. Nardi, St. Paul, Minnesota

Submitted on Briefs: September 2, 1983

Decided: December 8, 1983

Filed:

DEC 8 1983

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Henry Risley, as warden of the Montana State Prison, appeals from an order of the District Court of the Third Judicial District, Powell County, granting habeas corpus to prison inmate Wayne L. Bagley. We reverse.

On April 3, 1970, the petitioner, Wayne L. Bagley, was convicted of burglary in Treasure County and sentenced to ten years in the Montana State Prison. He was released on parole in December 1971, but was subsequently returned to the Montana State Prison in November 1976 after being convicted of burglary in Stillwater County and given another ten year sentence.

The Board of Pardons revoked the petitioner's parole on December 29, 1976. At this time, the Board of Pardons did not take any action to forfeit any good time that the petitioner may have earned on parole because the Department of Institutions was under the impression that the existing law did not permit a parolee to earn good time during parole.

On May 13, 1982, the petitioner filed a petition for a writ of habeas corpus in the District Court contending that he was entitled to a credit for good time earned while he was on parole, and that the good time earned while he was on parole should be applied to reduce the discharge date of his second sentence, as the second sentence had been merged with the first sentence. The District Court found the petitioner's argument to be persuasive and after finding that the application of the petitioner's good time earned while he was on parole to the petitioner's second sentence,

effectively discharged the petitioner's second sentence, ordered the petitioner released from custody.

The issues before this Court are: 1) whether the petitioner was entitled to receive good time while on parole, and 2) whether such good time may properly be applied to reduce the petitioner's discharge date on the second sentence.

Section 53-30-105(3), MCA, pertaining to good time allowances now reads: "A person may not earn good time under this section while he is on probation or parole."

Before the 1981 amendments to section 53-30-105(3) read:

"This section applies to all persons who are on probation or parole or eligible to be placed on probation or parole. No person convicted and sentenced before April 1, 1955, shall have his good time allowance reduced as a result of this section."

The prison administration believed that this section acted only as a savings clause applicable to inmates convicted prior to April 1, 1955. This belief was challenged by two inmates in Crist v. Segna (Mont. 1981), 622 P.2d 1028, 38 St.Rep. 150, where this Court held that the plain meaning of section 53-30-105 is that parolees are entitled to good time while on parole. As the 1981 amendments were not in effect at the time that the petitioner in this case was on parole, the Crist decision is applicable, and the petitioner is entitled to good time for the period he was on parole.

The question now arises as to how the good time should be applied to the petitioner's sentences. At the hearing on the writ of habeas corpus before the District Court, the petitioner contended that because the second sentence was to be served concurrently with the first sentence, the discharge date of the first sentence was rendered meaningless and all

good time should be applied to the discharge date of the second sentence.

Section 95-3221, R.C.M. 1947, as applicable to the petitioner at the time of sentencing provided that:

"Any prisoner who commits a crime while at large upon parole or conditional release, and who is convicted and sentenced therefor, shall serve such sentence concurrently with the terms under which he was released, unless otherwise ordered by the court in sentencing for the new offense."

The statute directs that the petitioner's sentences run concurrently. The statute does not require that sentences be merged for the purposes of applying good time. Good time is given to inmates as a reward for good conduct. Stephens v. Conley (1914), 48 Mont. 352, 138 P. 189. As such, it is an incentive to the inmates to follow the rules and conditions set forth by the Department of Institutions and the prison administration. Therefore, the manner in which good time is credited must be consistent with the rationale behind good time.

Here, the District Court found that if all of the good time earned by the petitioner while on parole, a total of 866 days, were applied to the petitioner's first sentence, that sentence would have been discharged 18 days into the second sentence. Suppose, then, that the petitioner had continued to abide by the conditions of his parole a short time longer; if he had, his first sentence would have been discharged before the second sentence had begun and he would not have been entitled to apply any of the good time he had previously earned to the second sentence. Instead, the petitioner in this case willfully violated the conditions of his parole by committing a burglary; and despite this, he argues that simply because his two sentences overlap, he should be

- 4 -

allowed to apply his previously earned good time to his second sentence.

It would seem incongruous that the petitioner be allowed to benefit from his previously earned good time where he commits a crime before fully serving his first sentence, and yet not be allowed the same benefit if the first sentence had been duly served and discharged while on parole. If the principle behind good time is to be followed, the petitioner's misconduct should not be rewarded by granting him the good time on his second sentence.

We hold that the good time earned by the petitioner while on parole on his first sentence is to be applied to his first sentence. Any good time the petitioner has earned while serving his second sentence shall be applied to his second sentence. This Court recognizes that the application of the good time to the petitioner's first sentence will have no effect on the petitioner's ultimate discharge date. This is proper. The petitioner cannot draw on a penal checking account balance of 866 days of previously earned good time in order to make a downpayment against a crime not yet perpetrated. In accord, State v. Ouimette (R.I. 1977), 375 A.2d 209.

The District Court is reversed and the case remanded for further proceedings consistent with this opinion.

_John L. Shelhy_
Justice

We Concur:

_John Conway Harrison_

- 5 -

Justices

- 6 -