No. 83-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

STEVEN T. THOMPSON,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Goldman & Goldman; Bernard J. Goldman argued,
        Missoula, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
        Chris Tweeten aruged, Asst. Atty. General, Helena
        Robert L. Deschamps, III, County Attorney, Missoula
        Montana

---

Submitted: October 24, 1983

Decided: January 12, 1984

Filed: JAN 12 1984

_Ethel M. Harrison_
_____
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Appellant was convicted of negligent homicide after a jury trial held before the Honorable Jack L. Green. From this verdict, appeal is taken.

On March 6, 1982, appellant was driving west on Interstate 90 near East Missoula, Montana, when he was involved in a collision. Appellant's vehicle struck the rear end of a vehicle driven by Noah Hatton in which his wife, Sylvia Hatton, was the passenger. At the scene of the accident, appellant was placed under arrest for driving under the influence of alcohol in violation of Section 61-8-401, MCA. He was then transported to Missoula Community Hospital for treatment of minor injuries suffered in the accident.

While appellant was receiving treatment, a Montana Highway Patrol officer solicited and received permission from the attending physician to talk with appellant. The officer informed appellant of his Miranda rights and his rights under Montana's "implied consent" law, Section 61-8-402, MCA. The officer then requested appellant to allow the medical staff to draw a blood sample, and appellant refused. Section 61-8-402(3), MCA, provides that,

> "If a resident driver under arrest, refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the division, immediately seize his driver's license." (emphasis supplied)

The officer did not seize appellant's driver's license.

Confronted with this refusal, the officer instead contacted the office of the Missoula County Attorney for advice. He was informed that Sylvia Hatton, who had been taken to another hospital, had died as a result of injuries received in the collision. He was advised that since appellant now was a suspect in a negligent homicide, the implied consent law was inapplicable. The officer returned to appellant's room and informed him that Mrs. Hatton had died, that since he was now a suspect in a negligent homicide, the implied consent law did not apply and that a blood sample was needed. Though appellant apparently did not "consent," a blood sample was drawn and analyzed. Appellant's blood alcohol level was .12%.

On September 10, 1982, appellant moved the District Court to suppress the results of the blood test on the grounds that the blood sample had been drawn against his will in violation of the implied consent law. Briefs were submitted and the motion was argued orally before the Honorable Jack L. Green. The court found that on the facts outlined above the implied consent law did not apply because appellant was a suspect in a negligent homicide. The court further found that the blood sample was taken in compliance with the Fourth and Fourteenth Amendments of the United States Constitution, and Article II, section 11 of the Montana Constitution. Since it was not an unreasonable search and seizure, the motion to suppress was denied.

A jury trial was held, during which the results of the blood test were admitted into evidence. The jury found appellant guilty of negligent homicide. This appeal follows.

-3-

The sole issue raised on appeal is whether the prohibition against non consensual extractions of blood samples in Section 61-8-402, MCA, applies to prosecutions for negligent homicide, and this issue is dispositive. Appellant has not challenged the action taken below on constitutional grounds. We have previously held that blood samples drawn in violation of the statute are inadmissable in prosecutions for driving under the influence of intoxicating liquor. State v. Mangels (1975), 166 Mont. 190, 531 P.2d 1313. Therefore if Section 61-8-402 applies to negligent homicide prosecutions, the results of the blood test should not have been admitted into evidence and the motion to suppress should have been granted. The State has graciously conceded this point. It is urged by appellant that Section 61-8-402, MCA, be applied to persons arrested for negligent homicide, despite the operative language of the statute that engages its provisions, "[I]f (the suspect is) arrested by a peace officer for driving or in actual physical control of a motor vehicle while under the influence of alcohol." The District Court relied on this language in holding that the statute did not apply here.

Appellant contends that this Court previously ruled that the statute does apply to negligent homicide prosecutions in State v. Morgan (Mont. 1982), 646 P.2d 1177, 39 St.Rep. 1072. In Morgan, the defendant was involved in an automobile accident where two people died instantly. When the investigating officer interviewed the defendant at the hospital it was his opinion that the defendant was incoherent and could not have communicated a wish that a blood sample not be drawn. The officer concluded that since

-4-

the defendant was in such a state, pursuant to Section 61-8-402(2), it was unnecessary to obtain consent before the blood was extracted. The question presented to this court was whether defendant was in such an incoherent state as to be unable to respond to a request for a blood sample, thus engaging the provisions of subsection (2) of the implied consent statute. We did not expressly rule that the implied consent law applied there as that question was not raised by defense counsel. We did rule that its provisions had been complied with.

In spite of appellant's assertions to the contrary, the Morgan case is not dispositive of the case at bar. The issue presented there is not the same as is presented here, even though this Court seemingly presumed that the statute applied. Morgan dealt strictly with the internal workings of the statute, and did not deal with its applicability. "What is not in issue is not decided." Sullivan v. Anselmo Mining Corp. et. al. (1928), 82 Mont. 543 at 555, 268 P. 495 at 500, citing Pue v. Wheeler (1927), 78 Mont. 516, 255 P. 1043. As the issue was not decided, the case is not authority for appellant's position. Martien v. Porter (1923), 68 Mont. 450, 219 P. 817.

We find that Section 61-8-402 does not apply to negligent homicide prosecutions. This conclusion is based on three considerations. First we consider the legislative intent. "Legislative intent must first be determined from the plain meaning of the words used; and if the language is plain, unambiguous, direct and certain, the statute speaks for itself." Crist v. Segna (Mont. 1981), 622 P.2d 1028 at 1029, 38 St.Rep. 150 at 152, citing Dunphy v. Anaconda Co.

(1968), 151 Mont. 76, 438 P.2d 660. The language of the statute and an examination of the statutory scheme of Title 61, Chapter 8, part 4 plainly show that application of the implied consent law to negligent homicide cases was not within the legislature's contemplation. The operative language of Section 61-8-402 reads,

> "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of 61-8-401, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a motor vehicle while under the influence of alcohol." (emphasis supplied)

The underlined passage above makes it clear that the protections afforded there are not engaged until there is an arrest for driving under the influence. (But, see State v. Campbell (Mont. 1980), 615 P.2d 190, 37 St.Rep. 1337, where we held that an arrest is not always a prerequisite to administration of a blood alcohol test.) Not only is the section specifically premised on such an arrest, but it is made subject to the section of the code which outlines the offense of driving under the influence of alcohol or drugs. Appellant has characterized this language as extra verbage which this Court could ignore should it choose to apply the statutory protections to appellant. However, "All provisions of a statute shall be given effect, if possible." Crist, supra, 622 P.2d at 1029 38 St.Rep. at 152, citing Corwin v. Bieswanger (1952), 126 Mont. 337, 251 P.2d 252. This Court does not have the power to remove or ignore language in a statute.

The second consideration is how similar implied

consent laws have been interpreted in other jurisdictions. The implied consent laws of several jurisdictions expressly state that they apply to persons arrested for "any offense" arising out of operating a motor vehicle under the influence, and their courts have applied the statute to negligent homicide cases. See State v. Riggins (Fla.App. 1977), 348 So.2d 1209. However among the jurisdictions which have interpreted implied consent laws with operative language similar to Montana's, there has been a split of opinion. Some jurisdictions hold that their statutes do apply to negligent homicide prosecutions. See State v. Hitchens (Iowa 1980), 294 N.W.2d 686; and State v. Annen (1973), 12 Or.App. 1203, 504 P.2d 1400. However we feel the better reasoned cases hold that the statute does not apply to negligent homicide cases. See People v. Sanchez (1970), 173 Colo. 188, 476 P.2d 980; Van Order v. State (Wyo. 1979), 600 P.2d 1056; and State v. Robarge (1977), 35 Conn.Supp. 511, 391 A.2d 184. Relying on the plain wording of the statute, these cases held that applying the implied consent laws to negligent homicide prosecutions was not what the legislature had intended.

The third consideration also weighed heavily on the courts deciding the cases cited immediately above; suspension of the driver's license is simply an insufficient penalty for refusing to submit to a chemical analysis when there has been a death caused by the drinking driver. The gravity of the crime heightens the importance of the blood sample, and it appears the legislature felt this administrative remedy was simply inappropriate. The decision to modify the scope of the implied consent law

properly rests within the legislature's power. It is not within our power to read into a statute more than is found there, as appellant would have us do. Therefore we hold that Section 61-8-402 does not apply to suspects in negligent homicide prosecutions.

The District Court's judgment is affirmed.

_A. C. Gulbrandson,_
Justice

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_Frank B. Morrison_

_Fred J. Weber_

_John C. Sheehy_

_John Conway Harrison_
Justices