CHIEF JUSTICE TURNAGE,
dissenting:
I concur with the dissenting opinion of Justice Erdmann. I write further and in addition thereto.
The correct decision in this case requires an analysis of three separate statutes. The majority has failed to analyze correctly these operative statutes which are in their essential parts set forth as follows:
*53 61-8-401. (1) It is unlawful and punishable as provided in 61-8-714 and 61-8-723 [penalty for driving under the influence of alcohol] for any person who is under the influence of:
(a)alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
(3) “Under the influence” means that as a result of taking into the body alcohol, drugs, or any combination thereof, a person’s ability to safely operate a motor vehicle has been diminished.
(4) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person at the time alleged, as shown by analysis of the person’s blood, urine, or breath, shall give rise to the following inferences:
(a) If there was at that time an alcohol concentration of 0.05 or less, it may be inferred that the person was not under the influence of alcohol.
(b) If there was at that time an alcohol concentration in excess of 0.05 but less than 0.10, that fact shall not give rise to any inference that the person was or was not under the influence of alcohol but such fact may be considered with other competent evidence in determining the guilt or innocence of the person.
(c) If there was at that time an alcohol concentration of 0.10 or more, it may be inferred that the person was under the influence of alcohol. The inference is rebuttable.
(5) The provisions of subsection (4) do not limit the introduction of any other competent evidence bearing upon the issue of whether the person was under the influence of alcohol, drugs, or a combination of the two.
61-8-402. (1) A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent, subject to the provisions of 61-8-401, to a test or tests of the person’s blood, breath, or urine for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person’s body if arrested by a peace officer for driving ... a vehicle while under the influence of alcohol[.] [Emphasis added.]
*54 45-5-205. (1) If a person operates a motor vehicle in a negligent manner and he is driving while under the influence of alcohol... as provided for in 61-8-401(1), and his conduct is the cause of bodily injury to another, he commits the offense of negligent vehicular assault. [Emphasis added.]
I emphasize the fact that defendant Greg Stueck was not arrested for the offense of driving while under the influence of alcohol.
The District Court erroneously concluded that, because the negligent vehicular assault statute requires that the accused must be operating a motor vehicle in a negligent manner and driving while under the influence of alcohol, the statute necessarily requires compliance with § 61-8-402, MCA, the so-called implied consent statute. The majority of this Court also engages in that erroneous analysis. Both the District Court and the majority of this Court have engaged in faulty logic.
Section 61-8-402, MCA, the implied consent statute, applies only if the accused is arrested by a peace officer for driving a vehicle while under the influence of alcohol. This is clearly not the fact in the present case. Stueck was not arrested for driving under the influence of alcohol.
The inferences relating to alcohol concentration in a person’s body as set forth in § 61-8-401, MCA, are rebuttable inferences only and, as in that section provided, proof of such alcohol concentration is not the only method by which a conviction for operating a motor vehicle while under the influence of alcohol can be obtained. Any other competent evidence bearing on that issue may be introduced and may result in a conviction.
State v. Thompson (1984), 207 Mont. 433, 674 P.2d 1094, is clearly on point in this case, and the efforts of the majority to distinguish Thompson are misplaced. The operative facts in Thompson are virtually identical to the facts of this case. The fact that Thompson’s drunken driving resulted in a homicide cannot be legally distinguished from the facts in this case. Stueck’s driving may well have resulted in a homicide instead of a bodily injury to Mr. Troth. The legal principles set forth in Thompson are applicable here.
I would reverse the decision of the District Court.