No. 85-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MARK A. GAUB,

        Plaintiff and Appellant,

   -vs-

MILBANK INSURANCE COMPANY,
and KIMBERLY A. TANNER,

        Defendants,
   and

LARRY TANNER and JUDY TANNER,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hash, Jellison, O'Brien & Bartlett; James C. Bartlett,
Kalispell, Montana

    For Respondent:

        Warden, Christiansen, Johnson & Berg; Gary R.
Christiansen, Kalispell, Montana

---

Submitted on Briefs: Nov. 14, 1985

Decided: March 20, 1986

Filed: MAR 20 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The plaintiff appeals an order from the Lake County District Court granting summary judgment to defendants Larry Tanner and Judy Tanner. Plaintiff contends on appeal that § 61-5-108, MCA, requires any negligence of a minor to be imputed to the minor's parents when (a) both parents signed the minor's application for a driver's license and (b) no proof of financial responsibility accompanied the minor's application for a driver's license. We affirm the District Court's order granting summary judgment to the parents.

The following facts are taken from the District Court's order:

Defendant Kimberly A. Tanner drove a motor vehicle which was involved in a collision with plaintiff's vehicle in December 1983. She is the minor daughter of defendants Larry and Judy Tanner. Both parents signed Kimberly Tanner's application for a driver's license in December 1982. They maintained liability insurance on the motor vehicle which she drove at the time of the accident. The amount of insurance was twice the minimum amount required to satisfy Montana's financial responsibility laws. The parents provided proof of liability insurance to the Motor Vehicle Division of the State of Montana by complying with its directives to the Lake County Treasurer when they licensed and registered the motor vehicle. No proof of financial responsibility accompanied Kimberly Tanner's application for a driver's license.

Plaintiff's sole issue on appeal concerns the meaning of § 61-5-108, MCA:

Can parents who signed a minor's application for a driver's license invoke a limit on damages in the amount of

2

their liability insurance coverage when (a) both parents have signed the application for the minor to obtain a driver's license, and (b) no proof of financial responsibility accompanied the minor's application for a driver's license?

Section 61-5-108, MCA, states:

(1) The application of any person under the age of 18 years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or by the surviving parent, or in the event neither parent is living or has custody, then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by some other responsible person who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor.

(2) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to a person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct, except as otherwise provided in subsection (3) of this section.

(3) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state, then the department may accept the application of such minor when signed by one parent or the guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under subsection (2) of this section.

Appellant focuses on the last two phrases in subsection (3) to support his interpretation. He argues that subsection

3

(3) is available only when "one parent or the guardian of such minor" signs the application and that it is not available when both parents or the minor's employee or some other responsible person signs the application. He also contends that the proof of financial responsibility must be submitted at the time of application. The District Court concluded, from reading § 61-5-108, MCA, as a whole that in subsections (1) and (2), the legislature intended a minor should receive a driver's license only if the application is co-signed by a person who shall be responsible for any negligence of the minor while operating a motor vehicle. The court further concluded that, in subsection (3), the legislature eliminated this imputed liability for that responsible person so long as proof of financial responsibility is provided and maintained. Finally, the District Court concluded that the express language of subsection (3) contains no time limitation within which proof of financial responsibility must be deposited.

> The fundamental rule of statutory construction is that the intention of the legislature controls . . . The intention of the legislature must first be determined from the plain meaning of the words used . . . [Citations omitted.]

Missoula County v. American Asphalt, Inc. (Mont. 1985), 701 P.2d 990, 992, 42 St.Rep. 920, 922. In the search for plain meaning, "the language used must be reasonably and logically interpreted, giving words their usual and ordinary meaning." In re Matter of McCabe (1975), 168 Mont. 334, 339, 544 P.2d 825, 828. A court's function, when construing a statute, is to ascertain what it contains,

> not to insert what has been omitted nor to omit what has been inserted . . . A statute must be read and considered in its entirety and the legislative intent may not be determined from the wording of

> any particular section or sentence, but
> only from <u>a consideration of the whole</u>
> . . . [Citations omitted.] [Emphasis
> added.]

State ex rel. Cashmore v. Anderson (1972), 160 Mont. 175, 184, 500 P.2d 921, 926-927, cert. den. 410 U.S. 931, 93 S.Ct. 1372, 35 L.Ed.2d 593.

We agree with the District Court's construction of the statute which considers the statute as a whole. Under appellant's construction, if one parent signs the application and provides proof of financial responsibility, that parent has no imputed liability; but if both parents sign and provide the required proof, both parents have imputed liability. Similarly, a guardian having custody who signs the application and provides the required proof escapes imputed liability; but some other "responsible person" having custody who signs the application and provides the required proof remains subject to imputed liability. Such an interpretation is neither reasonable nor logical. "Statutory construction should not lead to absurd results if a reasonable construction will avoid it." State ex rel. Ronish v. School Dist. No. 1 (1960), 136 Mont. 453, 460, 348 P.2d 797, 801, 78 ALR2d 1012. A reasonable construction of subsection (3), when considering the statute in its entirety, permits the person(s) who signed the application to be relieved from the operation of subsection (2) so long as proof of financial responsibility is provided and maintained.

If a statute requires construction, a review of the title of the original bill is a necessary first step to aid that construction. Matter of Senate Bill No. 23 Ch. No. 491, M. S. L. of 1973 (1975), 168 Mont. 102, 105, 540 P.2d 975, 976. The title of H. B. 207, the bill which was enacted in

5

1947 and codified as § 61-5-108, MCA, describes the bill as ". . . providing for the method of application for licenses for minors by the parents, guardian or other responsible person and providing for the liability of such parents, guardian or other person in certain instances; providing for the release from liability by such parents, guardian or other person . . . " Thus, the title, part of this statute's legislative history, supports the District Court's construction, as well.

Section 61-5-108(3), MCA, makes no direct reference to the time within which proof of financial responsibility must be submitted. It states, in part, "[i]n the event [proof of financial responsibility is deposited], <u>in form</u> and in amounts <u>as required under the motor vehicle financial responsibility laws of this state</u> . . . " (Emphasis added.) The plain meaning of this is that so long as the proof complies in form with §§ 61-6-101 et seq., MCA, the Motor Vehicle Safety Responsibility Act, there is no imputed liability. That Act requires the owner of the motor vehicle to certify that he possesses insurance or one of the listed alternatives before the vehicle is registered. Section 61-6-302(1), MCA. Without this Court inserting a time limit which has been omitted from § 61-5-108(3), MCA, a reading of § 61-6-302(1), MCA, only requires providing proof of motor vehicle insurance at the time the vehicle is registered. We will not insert a different time limitation into § 61-5-108(3), MCA, when the legislature did not require it. The District Court correctly reasoned that,

> . . . from the time proof of financial responsibility is deposited on behalf of a minor, whether such deposit be made prior to, simultaneous with, or at any time after the submission of the

6

> application, that the person or persons
> who signed the application are not sub-
> ject to the imputed liability of subsec-
> tion (2). . .

Thus, so long as liability insurance is, in fact, in force at the time of an accident, proof offered at any time releases the signers from imputed liability. Similarly, if proper proof had been deposited at one time but the insurance was not in force at the time of the accident, that would be sufficient proof that financial responsibility had not been retained and imputed liability would be reimposed.

Appellant cites Moore v. Jacobsen (1953), 127 Mont. 341, 263 P.2d 713, for his contention that the proof of financial responsibility must accompany the minor's application for a license. Moore held that the second subsection applied and that there was no evidence either party resorted to the third subsection. This Court noted that the record did not disclose that proof of financial responsibility had been deposited "at the time the application was made for a license, or at any other time." 127 Mont. at 348, 263 P.2d at 717. The subsequent statement that proof must be made at the time of application is dicta and not controlling authority for the case at bar. Further, on motion for rehearing, this Court stated nothing in the record indicated proof of financial responsibility was deposited at "any place or any time," and stated no requirement that proof was required at the time of application. Moore, 127 Mont. at 365, 263 P.2d at 726. Moore is distinguishable on the facts from this case as well. Here, the parents provided proof of financial responsibility at the time the vehicle was registered and licensed and the insurance was in effect at the time of the

7

accident, in contrast to the responsible person in <u>Moore</u>, discussed above.

We hold that § 61-5-108(3), MCA, relieves the person who signed an application of a minor from the imputed liability of subsection (2) so long as financial responsibility is maintained as required under the motor vehicle financial responsibility laws of this state and that so long as such financial responsibility is maintained, proof offered at any time releases the signer from the imputed liability of subsection (2).

The District Court's order is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8