NO.  93-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

_____

REBECCA L. PRILLAMAN,

     Claimant and Appellant,

   -v-

COMMUNITY MEDICAL CENTER,

     Employer, and

MONTANA HOSPITAL ASSOCIATION,
WC TRUST.

     Defendant and Respondent.

## FILED

MAR 1 1 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

_____

APPEAL FROM:   Workers' Compensation Court,
             State of Montana,
             The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

         Morgan Modine, Modine & Thompson, Missoula, Montana

     For Respondent:

         Robert E. Sheridan, Garlington, Lohn & Robinson,
         Missoula, Montana

     For Amicus:

         John J. Richardson, Beck Law Offices, Bozeman,
         Montana


               Submitted on Briefs:  November 18, 1993

                      Decided:  March 11, 1994

Filed:

_____
         Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Rebecca Prillaman appeals from a Workers' Compensation Court decision denying her compensation for her injury. We reverse and remand.

We consider the following issue on appeal:

Did the Workers' Compensation Court err in concluding that medical opinion evidence was required to meet claimant's burden that it was "more probable than not" that an accident occurred at work and that it caused the claimant's condition?

Rebecca Prillaman (claimant) is a nurse at Community Medical Center in the outpatient surgery department. She suffered two lumbar vertebrae fractures and contends that the injuries occurred while at work on March 4, 1992, following her attempt to lift a patient. The patient was in recovery from surgery but was not responding as expected. In an attempt to help the patient come out of anesthesia more quickly, claimant lifted patient from a prone position to a sitting position without assistance from the patient.

Claimant testified that she felt the pain in her back immediately but that she was determined to finish her shift because there was no other nurse on duty. She was in great pain throughout the evening and remained in pain throughout the night. Because she was the only nurse scheduled for the next day's 2:00 p.m. shift, claimant went to work, but she testified that within an hour she was forced to call her supervisor because the pain was unbearable.

Claimant went to the medical center emergency room for back x-rays which revealed compression fractures in two vertebrae. She

2

first sought medical help from Dr. Lennard Wilson, a neurologist. Dr. Wilson determined that this type of fracture was "extremely remarkable for this type of activity" and referred her to an orthopedic surgeon. Claimant then went to see Dr. James Burton, an orthopedic surgeon. Dr. Burton stated that, although her back injury was unusual given the activity that spawned it, he had no reason to doubt that her injury was caused by the incident of March 4, 1992.

Did the Workers' Compensation Court err in concluding that medical opinion evidence was required to meet claimant's burden that it was "more probable than not" that an accident occurred at work and that it caused the claimant's condition?

This case involves the determination of when liability attaches to the insurer for purposes of workers' compensation. We are concerned with the statutory interpretation of § 39-71-407(2), MCA, and the interplay between this statute and § 39-71-119, MCA, to which subsection (a) refers and to the interplay between subsection (a) and (b) of § 39-71-407 (2), MCA, which provides:

> (2)(a) An insurer is liable for an injury as defined in 39-71-119, [MCA] if the claimant establishes it is more probable than not that:
>     (i)  a claimed injury occurred; or
>     (ii)  a claimed injury aggravated a preexisting condition.
>     (b) Proof that it was medically possible that a claimed injury occurred or that such claimed injury aggravated a preexisting condition is not sufficient to establish liability. (Emphasis added.)

The Workers' Compensation Court interpreted this statute to

3

mean that the "more probable than not" burden of proof required of claimant must be based on "medical opinion." Our review of a Workers' Compensation Court's legal interpretation is plenary. See St. John's Lutheran Church v. State Compensation Ins. Fund (1992), 252 Mont. 516, 830 P.2d 1271.

Subsection (a) of the above mentioned statute specifically attaches the burden of proof "more probable than not" to § 39-71-119, MCA, which provides:

> Injury and accident defined. (2) An injury is caused by an accident. An accident is:
> (a) an unexpected traumatic incident or unusual strain;
> (b) identifiable by time and place of occurrence:
> (c) identifiable by member or part of the body affected; and (d) caused by a specific event on a single day or during a single work shift. (Emphasis supplied.)

We have interpreted the current version of § 39-71-119, MCA, in Welch v. American Mine Services, Inc. (1992), 253 Mont. 76, 831 P.2d 580:

> A compensable injury must meet all three definitional requirements contained in § 39-71-119, MCA (1987): there must be an "injury" and an "accident," and the injury must be "caused by" the accident.

Welch, 253 Mont. at 81, 831 P.2d at 584. Therefore, by reference, § 39-71-407, MCA, dictates that "accident," "injury" and "causation" must be proven by the claimant with the "more probable than not" burden of proof.

Respondents argue that because the word "medical" is used in subsection (b), of § 39-71-407(2), MCA, that claimant must establish this burden by "medical opinion evidence." Claimant contends that subsection (a) of § 39-71-407(2), MCA, does not contain the word "medical" when defining her burden of proof.

4

Therefore, claimant contends that, although she must prove that her injury occurred at work, and that it caused her current condition, she does not have to prove this through medical testimony.

A plain reading of subsection (a) shows that claimant is not required to prove occurrence pursuant to § 39-71-407(2) and by reference, causation as called for by § 39-71-119, MCA, by use of "medical opinion evidence." Although our function as a reviewing court is to ascertain what the legislature meant by writing a statute a particular way, we are bound by law to ascertain that meaning if possible from the words in the statute. Gaub v. Milbank Ins. Co. (1986), 220 Mont. 424, 715 P.2d 443. Subsection (a) does not contain the words "medical opinion evidence."

Subsection (a) is separate from subsection (b) because the legislature used a period to separate the two subsections: thus, we have two separate thoughts. See, N. Singer, 2A Sutherland on Statutes and Statutory Construction (5th ed.) § 47.01, p. 136 (1992); see also Regents of the University of Michigan v. Washtenaw County Coalition Against Apartheid (Mich. 1980), 296 N.W.2d 94, 98. This brings us to the observation that unless the context of subsection (a) specifically refers to it, subsection (b)'s reference to "medically possible" proof cannot be inserted into subsection (a). Section 1-2-101, MCA.

In the present case, six individual witnesses testified. These witnesses included claimant, the claimant's roommate (also a nurse), the claimant's chiropractor, claimant's co-workers, and claimant's supervisor. These six witnesses testified as to

5

claimant's pain and other factors which were significant in determining if the accident occurred at work and whether it had any connection or nexus to the claimant's present injury.

Here, where no eyewitness exists to the accident, testimony such as that of claimant's chiropractor, James Scott Garr, becomes important as to whether the alleged accident caused the injury of which claimant complains. Dr. Garr saw claimant in Missoula and stated before the Workers' Compensation Court that, given Rebecca's abnormal formation of certain vertebrae and her osteoporosis, attempting to lift the dead weight of a patient could very easily have caused the damage (injury).

The court also ignored the testimony of other witnesses who gave "before and **after"** the occurrence testimony. Claimant's house-mate, Jane **Dubbe,** testified that claimant had not shown any signs of abnormal back pain before she went to work on the day of the accident, March 4, or as late as **4:30** p.m. that same day when **Dubbe** left her shift as RN at the same medical center. **Dubbe** also stated that when claimant came home at about midnight on March 4, she told **Dubbe** about the incident in which she attempted to lift the woman and that she had been in severe pain since that time.

Claimant's immediate supervisor, Carol Matthews, also testified that when claimant arrived at work the day after, on March 5, she told her supervisor what had happened and that she was in great pain. Matthews sent claimant to the emergency room where x-rays revealed that she had two compression fractures. Matthews also testified that claimant was an excellent employee. Another

fellow employee, Patrice Moffitt, testified that claimant was fine late in the afternoon of March 4th. but that the next day when she saw her she complained of severe back pain. Moffitt also saw claimant after her visit to the emergency room on March 5. Moffitt testified that claimant said that she was going home because she was in so much pain. Moffitt also characterizes claimant as an honest person.

The two treating physicians testified by way of deposition. The Workers' Compensation Court considered only the doctor's testimony which revolved around whether such an occurrence could have possibly caused claimant's permanent back injury. It is clear from the Workers' Compensation Court opinion that it intertwined the ideas of "occurrence" and "causation." Yet, as we stated in a similar case, Plainbull v. Transamerica Ins. Co. (No. 93-432, decided March 10, 1994): "while the occurrence of the injury may be susceptible of proof without medical evidence, the causation of the claimant's condition may very well require medical evidence if the claimant is to meet his burden of proof, especially in the face of contrary medical evidence presented by the carrier." The facts of each case must dictate the degree to which medical evidence is needed, if at all. Here, where both facts surrounding the "occurrence" and conflicting views as to medical opinion of "causation" are at issue, it is essential that all testimony, including the medical, be considered by the Workers' Compensation Court. Yet neither "occurrence" of an accident nor the connection between the accident and the injury (cause) statutorily require

7

medical opinion evidence.

On remand, the Workers' Compensation Court must consider and weigh all testimony, whether "medical opinion evidence" or not. We do not mean to say that the Workers' Compensation Court should cast aside the depositions of the doctors, but the wording of the applicable statutes make it clear that such evidence, while potentially valuable, is not the only source from which claimant can prove that an accident caused her injury. We conclude that the Workers' Compensation Court erred when it stated that:

> Despite admirable efforts by claimant's counsel, neither Drs. Wilson nor Burton would waiver from their positions that while claimant's fractures might possibly have occurred as she described, they could not say it was more probable than not that the injury occurred in that fashion. . . . Claimant has failed to sustain her burden of proof that it is more probable than not that her compression fractures in her lower back were caused by and arose from her employment....."More probable than not" is a burden of proof requiring a medical opinion. [Emphasis added.]

Because of its conclusion, the court considered only the doctors' medical opinions as to occurrence and "cause." We finally conclude that the requirement of § 39-71-407(2)(a), MCA, that the claimant establish that it is "more probable than not" that a claimed injury occurred at work and that it caused the current condition do not require "medical opinion evidence".

We hold that the Workers' Compensation Court erred in concluding that "medical opinion evidence" was required to meet claimant's burden that it was "more probable than not" that an accident occurred at work and that it caused the claimant's condition.

Reversed and remanded for further proceedings consistent with this opinion.

/s/ _____
Justice

We Concur:

/s/ J. A. Turnage
Chief Justice

/s/ John Conway Harrison

/s/ William E. Hunt Sr.

/s/ Karla M. Gray

/s/ Terry N. Trieweiler
Justices

March 11, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Morgan Modine
MODINE & THOMPSON
315 West Pine Street
Missoula, MT 59801

ROBERT E. SHERIDAN
GARLINGTON, LOHN, & ROBINSON
P.O. Box 7909
Missoula, MT 59807

John J. Richardson, Esq.
BECK LAW OFFICES
1700 W. Koch, Suite 2
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy