No. 94-532

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DONALD ROBINSON,

      Petitioner/Appellant,

  -v-

STATE COMPENSATION INSURANCE FUND,
insurer for ROCKY MOUNTAIN TEMPORARIES,
d/b/a LABOR CONTRACTORS,

      Employer/Respondent.



APPEAL FROM:  Workers' Compensation Court
             The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Laurie Wallace, Bothe & Lauridsen, Columbia Falls,
          Montana

      For Respondent:

          Todd Hammer, Warden, Christiansen, Johnson & Berg,
          Kalispell, Montana


Submitted on Briefs:  February 16, 1995

Decided:  April 11, 1995

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a decision of the Workers' Compensation Court denying claimant's request for compensation. We affirm.

Appellant raises two issues on appeal:

I. Did the Workers' Compensation Court err when it found that the claimant did not suffer an industrial injury on January 21, 1993?

II. Did the Workers' Compensation Court err when it denied the claimant's requests for a penalty, attorney's fees, and costs?

In March of 1984, Donald Robinson (claimant) suffered a work-related injury to his upper and lower back, neck, and shoulders. As a result of these injuries, he had back surgery in July of 1988. While the surgery afforded some relief, his symptoms soon returned and were as severe as prior to surgery. Since 1988 claimant has had chronic pain in his neck, upper back, low back, left leg and intermittently, right leg. In November of 1991, claimant and State Fund entered into a full and final compromise settlement with regard to the 1984 accident. In support of settlement, claimant filed an affidavit stating that despite his surgery he "continued to suffer from low back pain, leg numbness, pain and tingling" and had "chronic pain."

At trial, the forty year old claimant alleged that he suffered another industrial injury on January 21, 1993, while working as a temporary employee for Semi-Tool, insured by State Fund. Claimant stated he re-injured his back while installing a roller assembly in a furnace. He testified that he had to stand in an awkward position on an eight foot ladder and that the ladder shifted two to

three inches between thirty and forty times on the linoleum floor. On four of these occasions claimant felt a "pop" in his back.

On September 24, 1993, claimant filed a Petition for Hearing in the Workers' Compensation Court as a result of State Fund's denial of liability for the January 21, 1993 industrial injury. The court found that the claimant did not suffer an industrial injury on January 21, 1993, and State Fund is not liable for the alleged injury.

From the Workers' Compensation Court's October 14, 1994 decision, the claimant appeals.

I.

Did the Workers' Compensation Court err when it found that the claimant had not suffered an industrial injury on January 21, 1993?

In its conclusions of law, the lower court pointed out that claimant had the burden to show he sustained an injury and that he failed to carry that burden. A preponderance of credible evidence persuaded the court that "no accident in fact occurred."

Claimant argues that the court resolved the injury issue on the basis of the claimant's credibility alone, and therefore, its legal conclusion is erroneous as a matter of law. He cites to Plainbull v. Transamerica (1994), 264 Mont. 120, 870 P.2d 76, in support of his assertion that all evidence must be considered, not simply the non-medical.

Respondent argues that substantial evidence exists to support the findings and conclusions of the Workers' Compensation Court and that the court employed proper legal analysis and considered both medical and non-medical evidence and looked to factors other than claimant's lack of credibility.

3

The standard of review applicable to appeals from Workers' Compensation Court is to determine if substantial credible evidence exists to support the findings. Allen v. Treasure State Plumbing (1990), 246 Mont. 105, 803 P.2d 644.

In Plainbull, 264 Mont. at 120, 870 P.2d at 76, and Prillamen v. Community Medical Center (1994), 264 Mont. 134, 875 P.2d 82, this Court made it very clear that both medical and non-medical evidence are to be considered in determining whether claimant has met his burden of proof in demonstrating that an injury occurred at work and caused his medical condition -- testimony of lay witnesses is not to be ignored.

Claimant testified he told his co-workers, Chuck Winsell and Charles Eick, that his ladder was moving and that Eick and Winsell helped him to look for a ladder with rubber feet that would not slide so easily. Claimant also testified that his limp was noticeably worse by the end of the day. Neither co-worker confirmed claimant's testimony.

Winsell stated that he could not recall anyone complaining of a ladder slipping or sliding. Eick testified that he worked with claimant on January 21, 1993, but denied that claimant's ladder ever skidded on the floor or that claimant said anything about the ladder being unsafe. Both Eick and claimant's supervisor, Dean Moore, testified they did not see claimant limping. Moore knew nothing of any problems with the ladder.

A physics teacher testified that he performed experiments replicating the circumstances at issue and found it highly improbable from a physics standpoint that the ladder could move as claimant described. The court made the following specific findings

4

of fact:

13. Having listened to and observed claimant at trial, and having considered his testimony and the testimony of other witnesses, I do not find claimant's testimony credible. I find that the ladder did not skid as he asserts and that claimant did not suffer an industrial accident on January 21, 1993.

14. Claimant has also failed to persuade me by a preponderance of the credible evidence that his condition after January 21, 1993, was any different than before. In arguing that he suffered a new injury on January 21, 1993, claimant relies on Dr. Joern's opinion that he suffered an aggravation of his preexisting back condition. That testimony, however, assumed claimant's accident report to be true. Moreover, it was principally based on Dr. Joern's understanding that after January 21, 1993, the claimant was experiencing new complaints relating to his right leg, whereas claimant's complaints prior to January 21, 1993, had predominantly related to his left leg.

Prior to September of 1992, claimant was treated by Dr. John V. Stephens in consultation with other physicians. Dr. Stephens referred to notes of November 1989 stating that claimant experienced pain radiating from his lower back to both legs, the left more so than the right.

Physical therapy reports admitted into evidence indicated bilateral leg and foot pain in May, June, July, and October of 1989. In November of 1989, the physical therapists noted an increase of bilateral pain. Five months later, the therapists noted that claimant "has constant pain in the left leg and intermittent pain in the right. Over the last 1 1/2 months he has noted weakness in his legs and has trouble going down stairs."

Further medical documentation reported that, in May of 1990, claimant's pain radiated on the right side down to the knee. During a September 1990 pain clinic evaluation, a physiatrist noted that claimant reported back pain radiation into both legs and feels

5

like "sciatic pain".

In December of the same year the physical therapist reported that claimant continues to have chronic low back pain and tightness into both legs. Similar statements were reported in 1991 and 1992. Claimant's physical therapist noted in subsequent reports that the claimant felt as much pain in his right leg as in his left. Again, on January 13, 1993, claimant reported "exquisite pain in his low back and into both of his legs."

Dr. Randale Sechrest, an orthopedic surgeon, testified that after examining the claimant and reviewing his medical records, claimant's "current condition stems directly to his original injury."

As to claimant's current condition, the court concluded:

> In light of the claimant's medical history, including a clear report of exquisite pain in both legs just eight days prior to his alleged injury, and claimant's lack of candor concerning his prior history, I find Dr. Sechrest's testimony persuasive. I conclude, as a matter of fact, that claimant's preexisting condition was progressively deteriorating and that his condition after January 21, 1993, was no different than before that date.

Claimant's suggestions that the lower court simply considered credibility on his part is not true. Claimant recites various evidence in support of his claim but never actually deals with the specific medical and non-medical evidentiary statements cited by the court refuting his claim. We do not find this persuasive.

We hold that substantial evidence exists to support the findings of the Workers' Compensation Court and the court did not err when it found that the claimant had not suffered an industrial injury on January 21, 1993.

II.

6

Did the Workers' Compensation Court err when it denied the claimant's requests for a penalty, attorney's fees, and costs?

Claimant based the requests solely on this Court's reversal of the lower court's findings and conclusions. Attorney fees are not recoverable as costs by the prevailing party in the absence of contractual agreement or specific statutory authority. Whiner v. Jonal Corp. (1976), 169 Mont. 247, 545 P.2d 1094, and other cases cited. We hold that the Workers' Compensation Court did not err in its denial of claimant's requests for a penalty, attorney's fees, and costs.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices