No. 01-045

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 224

LAWRENCE CHAIN,

Plaintiff and Appellant,

v.

MONTANA DEPARTMENT

OF MOTOR VEHICLES,

MONTANA DEPARTMENT

OF JUSTICE, MIKE MCGRATH,

ATTORNEY GENERAL,

Defendants and Respondents.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy N. Guth, Libby, Montana

For Respondents:

Mike McGrath, Montana Attorney General, Brenda Nordlund, Assistant Montana Attorney General, Helena, Montana

Submitted on Briefs: June 14, 2001
Decided: November 14, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellant, Lawrence Chain (Chain), brought this action seeking an order compelling the Montana Department of Motor Vehicles (DMV) to issue him a Montana driver's license. He moved for summary judgment, which was denied. The District Court, sua sponte, granted summary judgment for DMV. Chain appeals from that Order. We affirm in part and reverse in part.

¶2 The issues on appeal are whether the District Court erred in granting summary judgment to DMV, and whether the District Court correctly concluded that DMV did not have the discretion to issue Chain a driver's license.

**Factual and procedural history**

¶3 Lawrence Chain is currently a Montana resident who formerly resided in Michigan. While a Michigan resident, he was convicted on at least four separate occasions of driving under the influence. As a result, Michigan either suspended or revoked his driving privileges; the record is inconsistent as to which occurred.

¶4 After moving to Montana, Chain attempted to apply for a Montana driver's license. DMV refused to allow him to apply because his driving privileges were still suspended or revoked in Michigan. DMV argued that pursuant to § 61-5-105(2), MCA (1999), it was prohibited from issuing Chain a driver's license in Montana while his privileges were

revoked in Michigan.

¶5 On May 24, 2000, Chain filed a complaint in the District Court, requesting "an Order granting him driving privileges." However, in a memorandum in support of the complaint, Chain moved the court to issue an Order requiring DMV to "allow Plaintiff to make application for a driver's license and issue said license, if Plaintiff meets all the requirements of the application process." Chain ultimately moved for summary judgment, and in a brief in support of his motion, he again requested an Order allowing him to apply for a license. The District Court denied his motion, specifically holding that DMV did not have the discretion to issue Chain a license. We address both the refusal to grant Chain's motion for summary judgment, and the District Court's holding in its grant of summary judgment to DMV.

## Discussion

¶6 Our standard of review in appeals from summary judgment rulings is *de novo*. *Motarie v. N. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. When we review a district court's grant of summary judgment, we apply the same evaluation as the district court applies, based on Rule 56, M.R.Civ.P. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of material fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.

*Bruner, 272 Mont. at 264, 900 P.2d at 903 (citations omitted). We review the legal determinations made by a district court to ascertain whether the court erred. Bruner, 272 Mont. at 265, 900 P.2d at 903.*

¶7 The State argues, and the District Court agreed, that Montana law prohibits DMV from issuing a Montana driver's license to Chain because Chain's driving privileges are currently suspended or revoked in Michigan, citing § 61-5-105, MCA (1999). The statute provides in relevant part:

> The department may not issue a license under this chapter to a person:

. . .

(2) whose license or driving privilege is currently suspended or revoked in this or any state;

. . .

Section 61-5-105(2), MCA (1999). Chain responds that the District Court erred in applying § 61-5-105(2), MCA (1999), and should have instead applied the provisions of § 61-5-208, MCA (1999), which limits the length of revocations or suspensions to one year, and allows application for a new license at the end of the revocation period. Chain supports his position by citing § 61-5-401, MCA (1999), Driver License Compact (Compact), which provides the opportunity to reapply after the expiration of one year from the date the license was revoked. *See* § 61-5-401, Art. V, MCA (1999). Chain argues that because several of Montana's licensing statutes are in conflict, the more particular revocation and suspension statute at § 61-5-208, MCA (1999), should control over the general license issuing statute, § 61-5-105(2), MCA (1999).

¶8 In its Order, the District Court compared the conflict between § 61-5-105(2), MCA (1999), and the Compact, § 61-5-401, MCA (1999), but did not consider conflicts with other Montana drivers' licensing provisions. A trial court's ruling on summary judgment is reviewed *de novo. Motarie*, 274 Mont. at 242, 907 P.2d at 156. Therefore, we will consider Montana drivers' license provisions as a whole, and attempt to reconcile any inconsistencies or conflicts.

¶9 Neither party has challenged the facts presented in the record: Chain is now a resident of Montana; he has applied, or tried to apply for a Montana driver's license; and as a result of four driving under the influence convictions, Chain's driving privileges are currently either suspended or revoked in Michigan. There is some confusion, unresolved by the record, as to whether Chain's license was suspended or revoked in Michigan, and for what period. However, this uncertainty is not material here, because the Montana licensing provisions at §§ 61-5-105(2) and -208, MCA (1999), both refer to revocations or suspensions, in the alternative. The Compact, in Article V, treats suspensions and revocations differently, allowing for reapplication only for revocations, and not suspensions. *See* § 61-5-401, Art. V, MCA (1999). Therefore, analysis under the Compact would be problematic. In addition, the record before us does not establish that Michigan is a party state to the Compact. However, because our analysis of the licensing provisions at

§§ 61-5-105(2), -107(4), and -208, MCA (1999), is dispositive on the issue, we are able to proceed on the facts presented in the record.

¶10 The applicable Montana licensing statutes are found at Title 61, Motor Vehicles, Chapter 5, Drivers' Licenses, Montana Code Annotated (1999). Anyone who has resided in Montana for more than 120 consecutive days is considered a resident and must be licensed under the laws of this state before operating a motor vehicle. Section 61-5-103, MCA (1999). As set forth above, § 61-5-105(2), MCA (1999), prohibits DMV from issuing a license to someone whose driving privileges have been revoked or suspended in Montana or any other state.

¶11 However, nothing in the Montana licensing statutes prohibits <u>application</u> for a license. Sections 61-5-107 to -110, MCA (1999), address license applications. Although not cited by either party, § 61-5-107(4), MCA (1999), provides:

> When application is received from an applicant previously licensed by another jurisdiction, the department shall request a copy of the applicant's driving record from the previous licensing jurisdiction. The driving record may be transmitted manually or by electronic medium. *When received, the driving records become a part of the driver's record in this state with the same force and effect as though entered on the driver's record in this state in the original instance.* [Emphasis added.]

Thus, once Chain's record was received here, DMV should have analyzed Chain's driving record in the same fashion as it would analyze that record had it originally been amassed and entered of record in this state.

¶12 Additionally, § 61-5-208, MCA (1999), addresses Montana's period of revocation or suspension, providing that:

> (1) The department may not suspend or revoke a driver's license or privilege to drive a motor vehicle on the public highways for a *period of more than 1 year*, except as otherwise permitted by law.
>
> (2) (a) A person whose license or privilege to drive a motor vehicle . . . has been suspended or revoked may not have the license . . . renewed or restored unless the revocation was for a cause that has been removed. *After the expiration of the period*

*of the revocation or suspension, the person may apply for a new license or endorsement as provided by law*, but the department may not issue a new license or endorsement unless it is satisfied, after investigation of the driving ability of the person and upon a showing by its records or other sufficient evidence, that the person is eligible to be licensed to drive in Montana.

(b) When a person is convicted . . . for the offense of operating or being in actual physical control of a motor vehicle while under the influence of alcohol or any drug . . . the department shall . . . suspend the driver's license or driving privilege . . . for a period of 6 months. *Upon . . . a second, third, or subsequent offense within 5 years of the first offense, the department shall revoke the license . . . for a period of 1 year . . . .*

. . .

(4) *The period for all revocations made mandatory by 61-5-205 is 1 year except as provided in subsection (2).*

. . . . [Emphasis added.]

¶13 Upon review of these statutes, Montana's licensing provisions appear to conflict. Specifically, may a person whose license has been suspended or revoked reapply for a license after the expiration of one year, and if so, does DMV then have the discretion, notwithstanding the provisions of § 61-5-105(2), MCA (1999), to issue or refuse to issue a license? We conclude that the answer to both questions is yes.

¶14 When taken as a whole, the licensing statutes provide that upon application to Montana, an applicant's prior driving record from another jurisdiction is treated as though originally entered in Montana. Section 61-5-107(4), MCA (1999). Thus under § 61-5-107, MCA (1999), once an application is received, upon the expiration of one year from the date of revocation or suspension, the person may apply for a license. The decision to issue a new license upon application is then entirely within the discretion of the licensing authority.

¶15 In the construction of a statute, the Court is "not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 1-2-101,

MCA; *See Hanson v. Edwards*, 2000 MT 221, ¶ 19, 301 Mont. 185, ¶ 19, 7 P.3d 419, ¶ 19 (when construing several applicable statutory provisions, effect should be given to all if possible). This Court presumes the legislature would not pass meaningless legislation, and must harmonize statutes relating to the same subject, as must as possible, giving effect to each. *Crist v. Segna* (1981), 191 Mont. 210, 212, 622 P.2d 1028, 1029. Statutory construction should not lead to absurd results if a reasonable construction will avoid it. *Gaub v. Milbank Ins. Co.* (1986), 220 Mont. 424, 428, 715 P.2d 443, 445 (citation omitted). Under the guidance offered by these cases, our interpretation of the various licensing statutes harmonizes the statutes to the extent possible, and avoids an absurd result.

¶16 We conclude that the District Court did not err in refusing to order DMV to issue a license to Chain. However, we reverse the court's holding that DMV did not have the discretion to issue a license to Chain. Chain is not to be prohibited from applying for a license under § 61-5-107, MCA (1999), when read in conjunction with § 61-5-208, MCA (1999). Once more than one year has expired from the date of the suspension or revocation of his license, Chain may apply for issuance of a driver's license with DMV, like any other citizen whose license has previously been suspended or revoked. Thereafter, DMV shall have the discretionary power to issue a license, or refuse to do so, after an investigation.

¶17 We therefore affirm in part and reverse in part.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

Justice Jim Rice concurring in part and dissenting in part.

18 ¶I concur in the conclusion that the District Court did not err in refusing to order the Department of Motor Vehicles to issue a license to Chain. However, I dissent from the

interpretation of the motor vehicle statutes rendered by the Court herein.

¶19 The Court holds at ¶ 11 that "nothing in the Montana licensing statutes prohibits application for a license" by a person whose driving privileges have been suspended in Montana or another state. The Court further holds that the Department is authorized to issue a new license to a person whose license has been suspended, upon the expiration of one year after such suspension, even if the suspension was ordered for a longer period. These holdings directly conflict with the motor vehicle statutes.

¶20 The law prohibits an application for a license by a person with a suspended license. Section 61-5-208(2)(a), MCA, provides "[a]fter the expiration of the period of the revocation or suspension, the person may apply for a new license . . ." (Emphasis added.)

¶21 Further, the Department is prohibited from issuing a new license to a person with a suspended license, regardless of the length of the suspension:

> The department may not issue a license under this chapter to a person . . . whose license or driving privilege is currently suspended or revoked in this or any other state.

Section 61-5-105(2), MCA (emphasis added).

> A person whose license or privilege to drive a motor vehicle on the public highways has been suspended or revoked may not have the license, endorsement, or privilege renewed or restored unless the revocation was for a cause that has been removed.

Section 61-5-208(2)(a), MCA (emphasis added).

¶22 There is no question that Chain's current license suspension in Michigan is for a cause that has not been removed. Therefore, he is prohibited from applying for a Montana license, and the Department is absolutely prohibited from issuing a license to him.

¶23 However, finding that § 61-5-105(2), MCA, "appears to conflict" with the authority given to the Department to suspend licenses for one year under § 61-5-208, MCA, the Court concludes that the statutory prohibitions on application by, and issuance of a license to, a person with a suspended license are eliminated by § 61-5-107(4), MCA. That provision, part of the statute governing the application process, provides that when an application is received from a person previously licensed in another state, the driving

record from that state becomes part of the driver's record in Montana with the same force and effect as though it was originally entered here.

¶24 There is no conflict within the statutes when it is realized that a person with a suspended license is prohibited from applying for a new license under § 61-5-208(2)(a), MCA, and thus, § 61-5-107(4), MCA, adds nothing to this issue. Chain's Michigan suspension cannot be reduced to one year under this provision because Chain is not eligible under Montana law to apply for a license in the first instance.

¶25 The Court errs further by interpreting § 61-5-107(4), MCA, as removing Chain's Michigan suspension as a bar to issuance of a Montana license, to the extent it exceeds one year in duration. The Court would have the Department give the Michigan suspension the same force and effect as though it was entered in Montana, pursuant to § 61-5-107, MCA. The fallacy in attempting to apply this provision to Chain's record is that the provision cannot eliminate the existing Michigan suspension. The Court's attempt to meld the statutes at issue here will lead to other conflicts. It is a violation of § 61-5-212, MCA, for a person to drive "a motor vehicle or commercial motor vehicle on any public highway of this state at a time when the person's privilege to do so is suspended or revoked in this state or any other state . . . ." Section 61-5-212(1), MCA. The Court is holding that Chain can apply for a new license, and the Department can grant him one. However, because his license is still suspended in Michigan, Chain will violate the motor vehicle code if he actually drives. The Court may choose to overlook these statutory conflicts and find Chain would be immune from violations associated with his current Michigan suspension. However, I believe such an interpretation violates the plain meaning of the statutes.

¶26 The conflict in the statutes perceived by the Court was resolved when, in 1995, the Legislature deleted the phrase, "except as provided in 61-5-208," from § 61-5-105(2), MCA. See Sec. 1, Ch. 364, L. 1995. Thus, any question that the absolute prohibition of § 61-5-105, MCA, against the issuance of a new license was somehow limited to one year under § 61-5-208, MCA, was resolved. Chain should be prohibited from applying for or receiving a new license as long as his Michigan suspension remains in effect. The Court's decision to the contrary completely nullifies § 61-5-105(2), MCA.

/S/ JIM RICE