No. 03-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 216

LAWRENCE STEPHEN CHAIN,

            Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF JUSTICE,
MOTOR VEHICLE DIVISION,

            Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead, Cause No. DV 2002-254A
                      The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            William A. Douglas, Douglas Law Firm, P.C., Libby, Montana

        For Respondent:

            Honorable Mike McGrath, Montana Attorney General, Brenda G. Nordlund,
            Assistant Attorney General, Helena, Montana

                              Submitted on Briefs:  July 31, 2003

                                    Decided:  August 17, 2004

Filed:

                                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Lawrence Stephen Chain appeals the District Court's Order granting summary judgment to the State of Montana, Department of Justice, Motor Vehicle Division ("Department"), upon its denial of Chain's application for a Montana driver's license. We affirm.

## ISSUE

¶2    Did the District Court err when it granted summary judgment in favor of the Department, upholding its denial of Chain's application for a Montana driver's license based on his driver's license being currently suspended or revoked in another state?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Chain is a Montana resident who previously resided in Michigan. In Michigan, between 1984 and 1998, Chain was convicted: twice for operating a vehicle under the influence of liquor; twice for having an unlawful bodily alcohol content while driving; five times for driving with a suspended or revoked driver's license; and five times for refusing to be tested for intoxication. In total, the Michigan driver's licensing authorities took sixteen separate actions against Chain's driving privileges, including five suspensions, two revocations, and nine denial/revocations. The suspensions and revocations were set to run consecutively, and because Chain repeatedly re-offended before his previous suspensions or revocations were completed, his Michigan driving privileges are either suspended or revoked until June 28, 2022.

¶4     Chain moved to Montana in 1999 and attempted to apply for a Montana driver's license. The Department refused to accept his application because his driving privileges were revoked or suspended in Michigan. The Department claimed that, pursuant to § 61-5-105(2), MCA (1999), it was prohibited from accepting his application and subsequently issuing him a Montana driver's license during the time in which his license was revoked or suspended in another state. Chain filed a complaint in the District Court, requesting that the Department accept his application and issue him a driver's license because, pursuant to § 61-5-208(1), MCA (1999), the Department could not suspend or revoke a driver's license for more than one year. He also argued that, pursuant to § 61-5-107(4), MCA (1999), when the Department receives an individual's driving record from another state, it becomes part of the individual's Montana driving record and is given the same force and effect and treated as though it were entered on the Montana record in the first place. Chain and the Department both moved for summary judgment, and the District Court granted the Department's motion. The District Court denied Chain's motion on the grounds that it was not within the Department's discretion to issue Chain a license while his driving privileges were suspended or revoked elsewhere.

¶5     Chain appealed the District Court's decision, and we ruled on his appeal in *Chain v. Montana Department of Motor Vehicles*, 2001 MT 224, 306 Mont. 491, 36 P.3d 358. We held:

> [T]he District Court did not err in refusing to order DMV to issue a license to Chain. However, we reverse the court's holding that DMV did not have the discretion to issue a license to Chain. Chain is not to be prohibited from

3

applying for a license under § 61-5-107, MCA (1999), when read in conjunction with § 61-5-208, MCA (1999). Once more than one year has expired from the date of the suspension or revocation of his license, Chain may apply for issuance of a driver's license with DMV, like any other citizen whose license has previously been suspended or revoked. Thereafter, DMV shall have the discretionary power to issue a license, or refuse to do so, after an investigation.

*Chain I*, ¶ 16. In short, we determined that under the applicable statutes, the Department had to *accept* Chain's application, but could still *choose* to deny him a Montana driver's license after conducting its investigation.

¶6 Subsequent to the issuance of our Opinion in *Chain I*, the Montana Legislature made changes to the language of § 61-5-105(2), MCA (2001), and § 61-5-208(2)(a), MCA (2001). After the revised statutes went into effect, Chain once again applied for a Montana driver's license. Upon reviewing his Michigan driving record, the Department denied his request for a Montana driver's license, stating that it was prohibited from issuing him a Montana driver's license because of the language of § 61-5-105(2), MCA. The Department further stated that Chain would remain ineligible for a Montana driver's license so long as his license remained suspended or revoked in Michigan.

¶7 Chain brought an action against the Department in District Court, and both parties moved for summary judgment. The District Court granted summary judgment to the Department, holding that the Department was "clearly prohibited by law from issuing a driver's license to Mr. Chain," pursuant to § 61-5-105, MCA (2001). From this Order, Chain appeals.

4

**STANDARD OF REVIEW**

¶8 Our standard of review in appeals from summary judgment rulings is *de novo*, applying the same evaluation as the district court, based on Rule 56, M.R.Civ.P. The movant must demonstrate that no genuine issues of material fact exist, at which time the burden shifts to the non-moving party to prove that a genuine issue of material fact does exist. Should the court determine that no genuine issues of material fact exist, it then must determine whether the moving party is entitled to judgment as a matter of law. We review a district court's legal conclusions to ascertain whether the court erred. *Chain I*, ¶ 6.

**DISCUSSION**

¶9 Did the District Court err when it granted summary judgment in favor of the Department, upholding its denial of Chain's application for a Montana driver's license based on his driver's license being currently suspended or revoked in another state?

¶10 Chain argues that the 2001 amendments to the applicable statutes do not change the outcome of this Court's decision in *Chain I*, and that the District Court erred when it concluded that the Department correctly denied Chain's driver's license application. Chain argues that, once more than one year has expired from the date of the revocation of his license, he may apply for a Montana driver's license, pursuant to § 61-5-105, MCA (2001).

¶11 The Department responds that, after *Chain I*, its Records and Driver Control Bureau created a new procedure for handling an application for a Montana driver's license received from a person whose license is currently suspended or revoked in another state, and that this procedure was correctly applied and followed when Chain applied for a Montana driver's

5

license on December 21, 2001. The Department points out that its review of that application was thus governed by the 2001 MCA driver licensing statutes.

¶12 Both Chain and the Department agree that the 2001 amendment to § 61-5-105(2), MCA, simply inserted language describing what evidence would suffice to determine whether an applicant's driver's license was suspended or revoked in another state. The Department further points to other driving statutes as evidence that, "the issuance (or renewal) of a Montana driver's law [*sic*] is prohibited whenever a person's license or driving privilege is currently suspended or revoked in this or any state and the period of revocation has not been completed." The Department also argues that, under § 61-5-107(4), MCA (2001), the Department has a statutory obligation to give "the same force and effect" to an out-of-state driving record as though it was entered on the driver's record in Montana in the original instance. Thus, the Department argues, it was required to treat Chain's Michigan driving record as having "the same force and effect" as if it was a Montana driving record. Thus, the Department concludes, giving the Michigan driving record "the same force and effect" under § 61-5-107(4), MCA (2001), the Department was prohibited by law from issuing Chain a driver's license.

¶13 The language of § 61-5-107(4), MCA (2001) is identical to the 1999 version of that statute. In *Chain I*, we specifically addressed the language of this subsection, stating, "Thus, once Chain's record was received here, DMV should have analyzed Chain's driving record in the same fashion as it would analyze that record had it originally been amassed and

6

entered of record in this state." *Chain I*, ¶ 11. Neither the language of this statutory provision nor our interpretation of it has changed.

¶14 Section 61-5-105(2), MCA gained some additional language in 2001 so that it reads,

> The department may not issue a license under this chapter to a person: . . . (2) whose license or driving privilege is currently suspended or revoked in this or any state, <u>as evidenced by an ineligible status report from the national driver register, established under 49 U.S.C. 30302, or from the commercial driver's license information system, established under 49 U.S.C. 31309</u>[.]

As both parties to this appeal agree, the additional language does not affect the circumstances under which the Department may or may not issue a license, but simply provides further guidance as to what materials the Department should consider in making this determination.

¶15 Both parties appear to misapprehend our holding in *Chain I*. We did not state, as both Chain and the Department appear to believe, that under the 1999 statutes, the Department was obligated to accept Chain's application and then inevitably issue him a driver's license. Both parties appear to interpret "accepting an application" and "issuing a license" as synonymous. They are not. In *Chain I*, we held that, pursuant to § 61-5-208(1), MCA (1999), Chain could *reapply* for a driver's license after one year had passed from the date that his license was suspended or revoked. We did not hold, however, that the Department was then required to issue him a Montana driver's license. We held that the Department was required to conduct an "investigation" and then decide *whether or not to issue a license within its discretion*. See ¶ 5 above.

7

¶16     On Chain's appeal from the Department's denial of his 2001 application, the record confirms that the Department did indeed investigate whether to issue Chain a license. The Department requested his driving record from Michigan, examined that record, and engaged in a lengthy correspondence with the Michigan Driver License Appeal Division to ensure that the record was being correctly interpreted by the Montana authorities. The Department concluded that Chain's Michigan record established that his suspensions and revocations were the result of at least sixteen different actions taken by the Michigan authorities in response to his repeated violations of Michigan driving laws; and determined that Chain's driving privileges were currently suspended or revoked in Michigan through June 28, 2022. Giving those suspensions and revocations the "same force and effect" as if they were committed in Montana, pursuant to § 61-5-107(4), MCA, the Department then determined that Chain should not receive a Montana driver's license. The Department acted well within its discretion in doing so.

¶17     Our standard of review in appeals from summary judgment rulings is *de novo*. *Chain I*, ¶ 6. Since the facts underlying this appeal are not in dispute, we need only determine whether the Department is entitled to summary judgment as a matter of law. Thus, although we reach our decision for different underlying reasons than did the District Court, we conclude that the Department acted within its discretion when, upon investigation, it denied Chain's driver's license application. The District Court's grant of summary judgment to the Department is therefore affirmed.

## CONCLUSION

¶18    For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM REGNIER


Justice Jim Rice specially concurring.

¶19    I concur with the holding of the Court on the grounds set forth in my concurring and dissenting opinion in *Chain I*. Chain cannot apply for a license because the statutes prohibit issuance of a Montana driving license to one whose driving privileges are suspended in another state, and, further, prohibit Chain from driving in this state while his Michigan license is suspended. I join in affirming the District Court.

/S/ JIM RICE