CHIEF JUSTICE GRAY,
dissenting.
¶14 I respectfully dissent from the Court’s opinion. I would affirm the District Court’s denial of the Estate’s motion for partial summary judgment and grant of summary judgment to Collins.
¶15 I certainly agree with the Court’s statements about our standards in reviewing a trial court’s grant of summary judgment. I also agree with the Court’s recognition that summary judgment may be awarded to a nonmoving party so long as no genuine issues of material fact exist and the nonmoving party is entitled to judgment as a matter of law. ¶16 Collins’ claim against the Estate asserted a comrpon la^ marriage to Marson and alleged entitlement to compensation fron^theJCstate “as if she were in fact the surviving spouse of the decedent.” Discovery ensued, by the end of which both parties were fully aware that another woman had asserted in 1999 that she had been the common law spouse of Marson prior to the Collins/Marson common law relationship. Largely on the basis of this latter information, the Estate moved for partial summary judgment, asserting that no genuine issue of material *352 fact existed that the earlier common law marriage had not been dissolved and, therefore, as a matter of law, Collins was not a surviving spouse. The Estate’s legal argument was that the Collins/Marson ‘(marriage” was prohibited under §40-1-401(1), MCA, because the earlier marriage had not been dissolved; thus, the common law marriage declaration between Collins and Marson was void as against public policy pursuant to §40-1-401(4) MCA.
¶17 The parties apparently had unrecorded oral arguments on the Estate’s motion in the District Court. While it is generally unwise not to have hearings recorded, parties merely making oral arguments on summary judgment often do not have them recorded because they are not evidentiary hearings. In the circumstances of the present case, if a mistake was committed in not recording the arguments, it is ultimately the Estate’s problem. This is because the appellant has the burden of providing a sufficient record for review by this Court. See Rule 9(a), M.R.App.P. This is part of the reason I disagree with the Court’s rationale in this case, which seems to be based in part on the fact that ‘the record” does not show that the Estate had the opportunity to brief or argue the law with regard to putative spouses or, indeed, the opportunity to ‘(muster” and “possibly raise” factual issues regarding Collins’ putative spouse argument in opposition to the motion for partial summary judgment.
¶18 In a bigger picture sense, though, it is my view that the Court here shifts the burdens on summary judgment. Competent Montana practitioners-and certainly both parties had competent counsel in this case-know full well that the moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Here, there are no disputed issues of material fact; the Estate carried its burden on that portion of the summary judgment procedure. Nor did Collins suggest, or need to suggest, that such factual issues existed. The Estate and Collins essentially rely on the same set of facts, as briefly set forth above.
¶19 The question then is whether the Estate-or, alternatively, Collins-established entitlement to judgment as a matter of law. Again, Montana practitioners are aware that only upon establishing legal entitlement to judgment can they prevail on summary judgment. Practitioners are also aware that we have affirmed a trial court’s entry of summary judgment for the nonmoving party, where material facts were not disputed, and, indeed, we have occasionally reversed a grant of summary judgment to the movant and directed that judgment be entered for the nonmoving party as a matter of law. See, e.g., Chain v. *353 Montana Dept. of Motor Vehicles, 2001 MT 224, 306 Mont. 491, 36 P.3d 358 (affirming in part); Madison County v. State, 1998 MT 285, 291 Mont. 446, 968 P.2d 732.
¶20 The only question for the trial court was whether the Estate established its entitlement to judgment as a matter of law. Collins opposed the motion, as near as we can tell, with the legal argument that-while her common law marriage to Marson might have been void pursuant to §40-1-401, MCA, she was entitled to certain rights as a putative spouse pursuant to §40-1-404, MCA. I agree with the District Court that the legal putative spouse theory not only established that the Estate was not entitled to judgment as a matter of law, but that Collins was entitled to summary judgment in her favor on the law.
¶21 This, it appears to me, is the distinguishing factor between the present case and Hereford. There, the Court determined that the appellant “was not given an opportunity to present facts concerning the grounds upon which the District Court granted summary judgment” to the other party. Hereford, 183 Mont. at 108, 598 P. 2d at 602. Here, the same facts were relied on by both the Estate and Collins with regard to the two Marson common law relationships. The remaining issue was solely one of law which the District Court properly interpreted in Collins’ favor.
¶22 I dissent from the Court’s opinion. I would affirm the District Court.